## Case No. 3,381.

### CREHORE v. NORTON.

Circuit Court, S. D. New York. 1853.

INFRINGEMENT OF PATENT—POWER—IMPROVEMENTS.

1. When a power is necessary for working a machine, the inventor or proprietor has a right to make his selection of any description of power known to the mechanic arts. It is of no importance whether such power is hand, steam, horse power, electricity, or any other power. The substitution and use of one power, as electricity, in the place of another, as hand power, does not make the machine different, or prevent its infringing on another. The one is but an equivalent of the other.

2. There may be an improvement upon a useful machine, which entitles the party making it to a patent; but the fact of having made an improvement on an old machine, does not ab-

sorb the original machine, nor give any right to the use of it.

3. The original inventor has no right to use the improvement without the license of the inventor; neither has the inventor of the improvement a right to use the original machine.

[Nowhere reported; opinion not now accessible. The foregoing paragraphs are from Laws Patent Digest, pp. 276, 356, and 363.]

## Case No. 3,382.

### CREIGHTON v. The GEORGE'S CREEK.

[5 Pittsb. Leg. J. 13.]

Circuit Court, D. Maryland. 1857.

SHIPPING—CARRIAGE OF CORN—LIABILITY FOR SHORTAGE.

A vessel giving a clean bill of lading for a specified number of bushels of corn is liable for any deficiency, although she proves that she delivered all she received.

A decision of interest to merchants has just been made by Chief Justice TANEY, of the U. S. circuit court, Maryland, in the case of William Creighton, president of the Corn and Flour Exchange, vs. the Steamer George's Creek. Some time in April, 1855, says the Baltimore Patriot, of Friday, a lot of 9,137½ bushels of corn were shipped from that port to N. Y., for which a clean bill of lading was received. The steamer arrived safely, and the corn was lightered to the point of delivery, but when it was measured fell short 240½ bushels. Suit for damages was brought in the U. S. district court[1] and Judge GRIER [GILES] decided against the plaintiff. An appeal was taken, and the case came up before Judge TANEY. The defendants proved that they had delivered all the corn they had received, and that in New York grain was sold by weight. The complainant contended that formed no answer, as the difference might have been taken without knowledge of the officers or crew of the boat.

THE COURT [TANEY, Circuit Justice] decided that it was necessary to deliver the same number of bushels in New York that were received in Baltimore. Judgment for plaintiff for $265 and costs.